[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 RE: MOTION TO STRIKE #116
The plaintiffs, Yvonne Thanhauser, commenced this mortgage foreclosure action on February 2, 2001, alleging that on May 15, 2000, the defendants, George and Anita Nemickas[1] executed a mortgage in favor of the plaintiff to secure a loan of $247,500 evidenced by a promissory note. The mortgage is on a piece of real estate property known as 55 Hopewell Wood Road in Redding, Connecticut. The plaintiff further alleges that the defendants defaulted on their loan payment that was due on December 31, 2000. The plaintiff also alleges that the note provides that in the event of a default, an agreement made between the parties on October 15, 1998, shall be reinstated entitling the plaintiff to additional interest on $120,000 from the date of acceleration, October 15, 1999, to the date of payment.
On April 20, 2001, the defendants filed an answer, three special defenses and a two count counterclaim. On April 27, 2001, the plaintiff filed the present motion to strike the three special defenses and the counterclaim. The plaintiff moves to strike the special defenses on the ground that they do not relate to the making, validity or enforcement of the note and mortgage in this action. The plaintiff moves to strike the counterclaim on the ground that it does not arise out of the same transaction. On May 18, 2001, the defendants filed a memorandum in opposition to the motion to strike.
"[A] plaintiff can [move to strike] a special defense. . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992). The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint and to state a claim upon which relief can be granted. Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable CT Page 15572 cause of action as a matter of law." Mora v. Aetna Life andCasualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged. AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541-50,427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff s complaint in [a] manner most favorable to sustaining its legal sufficiency. . . ." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra, 108-09.
In this case, the plaintiff moves to strike the special defenses on the ground that they do not relate to the making, validity or enforcement of the note and mortgage. In foreclosure actions, available defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999); Petterson v. Weinstock, 106 Conn. 436, 441, 128 A. 433
(1927). The Supreme Court has recognized additional equitable defenses that include mistake or fraud and usury. Southbridge Associates, LLC v.Garofalo, supra, 15. Such defenses, however, must relate "to the making, validity or enforcement of the note and mortgage which are the subject of the foreclosure action." (Internal quotation marks omitted.) Green PointBank v. Klein, Superior Court, judicial district of Danbury at Danbury, Docket No. 327058 (April 11, 2000, Moraghan, J.).
 FIRST SPECIAL DEFENSE
The first special defense asserts that the note and mortgage are void or voidable because they are the product of fraud, trick, deception, coercion and duress. Specifically, the defendants allege that they CT Page 15573 entered into an agreement with the plaintiff on October 15, 1998, whereby the defendants borrowed $120,000 from the plaintiff as evidenced by a promissory note. This note had a maturity date of October 15, 2000. The October 15, 1998 agreement also enumerated acts of default that would permit acceleration. The defendants claim that prior to the maturity date of the note, the plaintiff initiated a prejudgment remedy action based on a false pretext that she was unsecured. They claim that action is improper because the fact that the plaintiff was unsecured or undersecured was not one of the enumerated acts defined in the 1998 agreement that allowed for acceleration of the note. The defendants claim that as a result of the coercive effect of the prejudgment remedy action, they executed the note and mortgage at issue in this foreclosure action. They argue that the deed and note were obtained by fraud, trick, deception, coercion and duress.
It appears that the defendants have confused a prejudgment remedy action with acceleration and foreclosure; at least, they have not explained why an application for prejudgment remedy was tantamount to acceleration and foreclosure.[2] Because the validity of the prejudgment remedy action is not at issue here, the motion to strike does not admit the defendants' legal conclusion that it was wrongly brought and coercive in nature. See D'Amico v. Johnson, 53 Conn. App. 855, 859,733 A.2d 869 (1999) (admits well-pleaded facts, but not legal conclusions or opinions). The defendants' assertion that the note and mortgage were the product of fraud, coercion, trick, deception, or duress is, therefore, a mere conclusion of law that is not supported by the facts alleged. As such, it fails to attack the making, validity or enforcement of the note and mortgage. The court grants the motion to strike this special defense.
 SECOND SPECIAL DEFENSE
The second special defense asserts that the note is void or voidable because it is usurious, so that the plaintiff should be barred from this foreclosure action based on the note. The defendants reallege the allegations of the first special defense and allege further that the note executed on May 15, 2000, gives the plaintiff a premium over 100 percent than the original cash advance. They also allege that at the time of the execution of the May 15 agreement, the plaintiff did not lend the defendants any more money under the current note. Therefore, they claim that the note is usurious and the mortgage securing the note is void.
The plaintiff argues that this special defense should be stricken because it does not relate to the making, validity or enforcement of the note and mortgage at issue in this action. In response, the defendants argue that the special defense attacks the making, validity or CT Page 15574 enforcement of the note and mortgage because when the note and mortgage were executed on May 15, 2000, the plaintiff failed to issue consideration for the note and mortgage.
Connecticut courts have held that the defense of usury is unavailable in a mortgage foreclosure action if the mortgage involves a loan in excess of $5000. Ferrigno v. Cromwell Development Associates,244 Conn. 189, 192, 708 A.2d 1371 (1998); Iamartino v. Avallone,2 Conn. App. 119, 124, 477 A.2d 124 (1984). It is not disputed that the mortgage at issue involves a loan of more than $5000. Usury is not a valid defense here. This special defense, therefore, does not relate to the making, validity or enforcement of the note and mortgage.
 THIRD SPECIAL DEFENSE
The third special defense asserts that the note and mortgage is void or voidable because the plaintiff did not comply with the state and federal Truth in Lending Acts ("TILA"). The defendants reallege the allegations of the first defense and allege further that the plaintiff failed to disclose interest and finance charges regarding the October 15, 1998 and the May 15, 2000 agreements. They also allege that the plaintiff failed to advise them of their right of rescission regarding the agreements. The plaintiff argues that this special defense should be stricken because it does not relate to the making, validity or enforcement of the note and mortgage at issue in this action. In response, the defendants argue that because they allege substantive violations of the provisions of the TILA, the allegations must be deemed admitted for the purpose of the motion to strike, and the court must deny the motion.[3]
The case law provides that "[a] mortgage holder's failure to comply with state and/or federal truth-in-lending requirements has been held not to constitute a legally sufficient special defense in mortgage foreclosure actions." Mundaca Investment Corp. v. Atwood, Superior court, judicial district of Fairfield at Bridgeport, Docket No. 0319174 (February 21, 1996, Moran, J.); see also Beneficial Mortgage Co. v.Brassington, Superior Court, judicial district of Danbury at Danbury, Docket No. 318933 (June 19, 1995, Stodolink, J.); People's Bank v.Perkins, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310482 (November 3, 1994, Ballen, J.). Because a violation of the TILA is not a valid defense, this special defense does not relate to the making, validity or enforcement of the note and mortgage.
 COUNTERCLAIM
Count one of the counterclaim alleges that the defendants were coerced, tricked, deceived and defrauded into executing the May 15, 2000 CT Page 15575 agreement. This allegation seems to be irrelevant to this count of the counterclaim. The defendants substantially reallege the allegations made in the first special defense except that they refer to the prejudgment remedy action as a collection action.
Count two alleges that the plaintiff failed to comply with the state and federal Truth in Lending Acts ("TILA"). The defendants substantially reallege the allegations they made in the third special defense. Specifically, they allege that in closing the October 15, 1998 and May 15, 2000 transactions, the plaintiff failed to disclose finance charges, fees, costs and expenses of the transaction as well as failed to advise them of their right to rescission.
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is subject of the plaintiffs complaint." Practice Book § 10-10. The action in this case is one for foreclosure. In a foreclosure action, "[t]he making of the note and the . . . subsequent default is the `transaction' at issue." Bank of New Haven v. Liner,
Superior court, judicial district of Ansonia-Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.).
The plaintiff moves to strike count one on the ground that it does not arise out of the same transaction as alleged in the plaintiffs complaint. The defendants did not respond to the plaintiffs argument. It appears that the defendants have again confused a prejudgment remedy action with acceleration and now a collection action. The defendants claim that prior to the maturity date of the note, the plaintiff initiated a collection action based on a false pretext that she was unsecured. They claim that action is improper because the fact that the plaintiff was unsecured or undersecured was not one of the enumerated acts defined in the October 15, 1998 agreement that allowed for acceleration of the note. The defendants claim that as a result of this collection action, they were coerced, tricked, deceived and defrauded into executing the note and mortgage at issue in this foreclosure action. Because the validity of the collection action is not at issue here, this count of the counterclaim does not arise out of the same transaction as this foreclosure action.
Moreover, the motion to strike does not admit the defendants' legal conclusion that the collection action was wrongly brought and coercive in nature. Their assertion that the note and mortgage were the product of fraud, coercion, trick, deception, or duress is, therefore, a mere conclusion of law that is not supported by the facts alleged. CT Page 15576
The plaintiff moves to strike count two on the ground that it does not arise out of the same transaction as alleged in the plaintiffs complaint. In response, the defendants assert that the alleged violations of the TILA arise out of the same transaction, but they have not provided any authority for this conclusory assertion. Nor have they cited specific provisions of the TILA.
The alleged TILA violations that occurred at the execution of the October 15, 1998 agreement are irrelevant to the making of the note or subsequent default at issue in this action. The note and mortgage in this action were the product of the May 15, 2000 agreement, hence the alleged violations of the TILA regarding the October 15, 1998 agreement involve a different transaction.
Secondly, the defendants do not allege sufficient facts to show that the plaintiff is a creditor as defined under the TILA, thereby establishing the applicability of the TWA. General Statutes §§ 36a-677
(c) and 36a-678 (b) provide that Connecticut's TILA is subject to the federal TILA, 15 U.S.C. § 1601, to "avoid duplication in administration and enforcement of statutes." A "creditor" subject to the [federal] Truth in Lending Act is defined as "a person who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt . . . is initially payable. . . ." 15 U.S.C. § 1602 (f); seeGarofalo v. Boyer and I.R.S., Superior Court, judicial district of Hartford at Hartford, Docket No. 0582789 (January 24, 2001, Rittenband,J.T.R.).[4] 12 C.F.R. § 226.2 (a) (17) (1)(A) provides in footnote three that "a person regularly extends consumer credit only if it extended credit . . . more than twenty-five times (or more than five times for transactions secured by a dwelling) in the preceding calendar year." See Garofalo v. Boyer and I.R.S., supra.
Here, the defendant does not allege any facts that establish that the plaintiff falls within the definition of a "creditor" under the TILA.
Lastly, the alleged violations of the TILA are not applicable in a residential mortgage transaction. The defendants allege that the plaintiff violated the state and federal TILA because at the closing of the May 15, 2000 agreement the plaintiff failed to provide them with a right of rescission.
Under the regulations implementing the Truth in Lending Act, specifically, 12 C.F.R. § 226.23 (a) provides in relevant part: "In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions CT Page 15577 described in paragraph (f) of this section." 12 C.F.R. § 226.23 (f) provides that [t]he right to rescind does not apply to . . . (1) [a] residential mortgage transaction." A residential mortgage transaction is defined in C.F.R. § 226.2(a) (24) as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installments contract, or equivalent consensual security interest is created or retained in the consumer's principal dwelling to finance the acquisition. . . ."
Here, the transaction involves a residential mortgage, and the TILA does not apply to the defendants' allegations that the plaintiff failed to provide them with the right of rescission.
Based upon the foregoing, the plaintiffs motion to strike the special defenses is granted. The plaintiffs motion to strike the defendants' counterclaim is granted.
Holden, J.